# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JAMES STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | NO. CV420-008 |
| GENESEE & WYOMING RAILROAD ) | |
| SERVICES, INC., and SAVANNAH ) | |
| PORT TERMINAL RAILROAD, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants Genesee & Wyoming Railroad Services, Inc. ("GWRSI") and Savannah Port Terminal Railroad, Inc. ("SPTRI") (collectively "Defendants") file this Answer to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Defendants state that GWRSI was not Plaintiff's employer at the time of the incident that is the basis of the Complaint. Therefore, GWRSI is not a proper party to this action.

## THIRD DEFENSE

Further answering, Defendants state that some or all of Plaintiff's are precluded by Federal statute or regulation.

## FOURTH DEFENSE

For further defense, Defendants show no act or omission on their part caused or contributed to Plaintiff's injury, if any, and, therefore, Plaintiff is not entitled to recover against Defendants.

## FIFTH DEFENSE

For further defense, Defendants show Plaintiff's own negligence was the sole cause of his injuries, if any, and, therefore, Plaintiff is not entitled to recover against Defendants.

## SIXTH DEFENSE

For further defense, in the event Defendants were negligent in any manner alleged in Plaintiff's Complaint, or otherwise, which Defendants expressly deny, then any recovery on the part of the Plaintiff must be reduced to the extent of Plaintiff's own negligence.

## SEVENTH DEFENSE

For further defense, Defendants show that Plaintiff's injuries were not caused by the incident.

## EIGHTH DEFENSE

For further defense, Plaintiff has failed to mitigate his damages.

## NINTH DEFENSE

For further defense, Defendants answer the respective numbered paragraphs of Plaintiff's Complaint as follows:

1.

Admitted, upon information and belief.

2.

Admitted.

3.

Admitted.

4.

Admitted. Defendants deny that Plaintiff is entitled to recover under the FELA.

5.

Defendants admit only that SPTRI engages in interstate commerce for purposes of the FELA and this case. Defendants deny the remaining allegations in paragraph 5.

6.

Denied. Further answering, Defendants state that GWRSI is an affiliated company of SPTRI and performs certain administrative and other services for SPTRI pursuant to a services agreement with Defendant SPTRI.

7.

Denied.

8.

Denied. Further answering, Defendants state that Plaintiff was an employee of SPTRI at the time of the incident that is the basis for the Complaint.

9.

Defendants admit that venue and jurisdiction are proper as to SPTRI. Defendants deny the remaining allegations in paragraph 9.

10.

Defendants adopt and incorporate the foregoing responses to Plaintiff's Complaint.

11.

Defendants deny that Plaintiff was employed by Defendant GWRSI or acting within the course and scope of his employment as an engineer with GWRSI. Defendants admit the remaining allegations in paragraph 11.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Defendants admit only that Plaintiff was acting within the course and scope of his employment with SPTRI and engaged in interstate commerce within the meaning of the FELA. Defendants deny the remaining allegations in paragraph 16.

17.

Denied.

18.

Defendants adopt and incorporate the foregoing responses to Plaintiff's Complaint.

19.

Denied, including subparagraphs (a) – (e).

20.

Denied, including subparagraphs (a) – (e).

21.

Defendants adopt and incorporate the foregoing responses to Plaintiff's Complaint.

22.

Denied. Further answering, Defendants state that to the extent Plaintiff has a cause of action against SPTRI, that cause of action must be brought under the Federal Employer's Liability Act, 45 U.S.C. §51 et seq. Defendants deny that Plaintiff is entitled to recover under the FELA or Georgia common law.

23.

Denied.

24.

In response to the unnumbered paragraph beginning "Wherefore," Defendants deny the allegations in said paragraph and further deny that Plaintiff is entitled to any relief.

25.

Defendants deny any allegations in Plaintiff's Complaint not specifically admitted in the foregoing Answer.

WHEREFORE, Defendants Genesee & Wyoming Railroad Services, Inc. and Savannah Port Terminal Railroad, Inc. pray that their defenses be inquired into and sustained by the Court and that they be discharged together with costs.

This 14th day of February, 2020.

                                                  */s/ Walker S. Stewart*
                                                  WALKER S. STEWART
                                                  Georgia Bar No. 221715

                                                  Attorney for Defendants

OF COUNSEL:
Hall, Bloch, Garland & Meyer, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31208-5088
Telephone: (478) 745-1625
Facsimile: (478) 741-8822
walkerstewart@hbgm.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, I electronically filed the *Answer* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

> James E. Shipley, Jr.
> John B. Manly
> Manly Shipley, LLP
> P. O. Box 10840
> Savannah, GA 31412
> *Attorneys for Plaintiff*

>> */s/ Walker S. Stewart*
>> Walker S. Stewart
>> Ga. Bar Number: 221715
>> Attorney for Defendants

HALL, BLOCH, GARLAND & MEYER, LLP
577 Mulberry Street, Suite 1500
Post Office Box 5088
Macon, GA 31208-5088
Telephone: (478) 745-1625
Email: walkerstewart@hbgm.com